IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Heather Norris,** | * | |
| **Plaintiff** | * | |
| v. | * | Case No. 1:19-cv-00855-CCB |
| **Plastic Surgery Services Henry Garazo, M.D., P.A., et al.,** | * | |
| | * | |
| **Defendants** | | |
| | * | |
| _____/ | | |

**JOINT MOTION TO APPROVE
FLSA SETTLEMENT AGREEMENT**

The parties jointly move that the Court approve the attached Settlement Agreement (Exh. 1). In support of this Motion, the parties state as follows:

1. Generally speaking, "[u]nder the FLSA, 'there is a judicial prohibition against the unsupervised waiver or settlement of claims.' " *Kianpour v. Restaurant Zon, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (*quoting Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2nd Cir. 2015) ("Thus, Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.), *Duprey v. Scotts Co. LLC,* 30 F. Supp. 3d 404, 407 n.2 (D. Md. 2014) (discussing issues of dismissal under Fed. R. Civ. P. 41(a)(1)(A) and noting that the Eleventh Circuit has held that all FLSA settlements require court approval.).[1] "Nevertheless, '[c]laims for FLSA violations can … be settled when the settlement is supervised by the [Department of Labor] or a court.' " *Id.* (*quoting Taylor*, 415 F.3d at 374

---

[1]   *But see Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019) ("we hold that judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims.").

(alterations in original); *see also Gionfriddo et al. v. Jason Zink, LLC, et al.*, RDB 09-1733, 2011 WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval."). In general, Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey*, 30 F. Supp. 3d at 407-08. Although the Fourth Circuit has not directly addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit" in *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). *Saman v. LBDP, Inc.,* No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.,* No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC,* 748 F.Supp.2d 471, 478 (D. Md. 2010)); *see also Nyamira v. Little Kampala Services, LLC*, 2018 WL 5026371 at *2 (D. Md. Oct. 17, 2018). The settlement must 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (*citing Saman*, 2013 WL 2949047 at *3). *See also Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.' " *Duprey*, 30 F. Supp. 3d at 408 (*citing Lynn's Food Stores,* 679 F.2d at 1354).

2. As detailed in the Plaintiff's Complaint, this is a case involving a medical assistant who was employed by Defendants who alleged that she worked overtime without proper compensation.

(ECF Doc. 1). Plaintiff alleges in the Complaint that for much of Plaintiff's employment, she was paid a salary for all hours worked, yet she was not paid overtime when she worked over 40 hours in a single statutory workweek. Defendants have denied Plaintiff's allegations and deny that she is owed any overtime wages.

3. This case is currently in the midst of discovery. Defendants have provided written responses to discovery served by Plaintiff, and Plaintiff has prepared an expert report detailing the amount of potential damages. Plaintiff's counsel presented Defendants' counsel with a demand, and the parties engaged in extensive back and forth negotiations. Defendants maintained that Plaintiff did not work over overtime as alleged, that she had been paid properly, and that she was overpaid for hours she did not work. Plaintiff's expert report indicated that Plaintiff was owed $5,912.23 in overtime damages, exclusive of statutory (liquidated damages), based on her recollections of hours worked. In contrast, according to Plaintiff's expert report, Plaintiff would be owed $2,922.73 in overtime using just Defendants' existing records.

4. Under the FLSA, Plaintiff alleges that she would thus be entitled to $11,824.46 in overtime and liquidated damages, based on her recollection. In contrast, Plaintiff alleges that she would be entitled to $5,845.46, based just on the Defendants' records.

5. Thus, a dispute existed between the parties as to whether any damages were owed and if so, the proper amount of damages, and the manner in which those damages should be calculated. To resolve the matter without further costs and litigation regarding whether the amounts claimed were due or the amount of statutory damages were proper, without admitting liability, Defendants agreed to pay the Plaintiff $10,000.00 in overtime and liquidated damages, an Plaintiff demanded through counsel after numerous back-and-forth negotiations took place.

6. A copy of the Settlement Agreement, signed by the parties, is attached hereto as Exhibit 1.

7. Plaintiff thus states that she is receiving slightly less than 1.7x her alleged damages, based on her recollection. Based on the dispute between the parties, counsel for the Plaintiff can attest that Plaintiff's settlement is the product of arm's-length negotiations, and that the Settlement Agreement is reasonable and fair, considering the facts and issues in controversy. *See* Exhibit 1; Exhibit 2 (Hoffman Declaration).

8. There is one remaining issue requiring the Court's attention, i.e., the approval of the Attorneys' Fees and Costs.

9. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3, *Nyamira*, 2018 WL 5026371, at * 4, *Cerritos v. 4806 Rugby Avenue LLC*, 2018 WL 2290706 at *3 (D. Md. May 18, 2018), *Dominguez v. Microfit Auto Parts, Inc. et al.*, 2019 Wl 423403 at *4 (D. Md. Feb. 4, 2019). "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

10. Under the Settlement Agreement, Plaintiff's counsel would receive $18,000.00 for Attorneys' Fees and Costs incurred. *See* Exhibit 1. Plaintiff's counsel submits Declarations

together with their detailed billing statement. *See* Exhibits 2, 2-A, 3, and 4. As detailed in his billing statement, Howard B. Hoffman has worked on Plaintiff's claims at the hourly rate of $400.00,[2] and has worked 17.7 hours. *See* Exhibits 2 and 2-A. Jordan S. Liew, an associate attorney employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at an hourly rate of $215.00, and worked 8.7 hours.[3] *See* Exhibit 3. Scott E. Kraff, an associate attorney employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at an hourly rate of $205.00, and worked 73.7 hours.[4] *See* Exhibit 4. Gregory B. Herbers, an associate attorney formerly employed by Hoffman who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at the hourly rate of $205.00, and has worked 11.0 hours. *See* Exhibit 2. Timothy J. McGarry, a law clerk and recent law school graduate employed by Hoffman, worked on Plaintiffs' claims at an hourly rate of $150.00 and worked 3.7 hours. *See* Exhibit 2. In addition to the above, costs in this case amount to a total of $1,369.90. *See* Exhibit 2 ¶ 5; see also Exhibit 2-A. As such, the total amount of attorneys' fees and costs that Plaintiff's counsel would receive under the Agreement is reasonable under the lodestar evaluation.

---

[2] Mr. Hoffman has over 20 years of relevant legal experience. The requested hourly rate – $400 an hour – falls within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was awarded to Hoffman in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled objections to the claimed hourly rate of $400. Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425. This Court has previously held that Mr. Hoffman's requested rate of $400.00/hour is both "presumptively reasonable," and "reasonable considering Mr. Hoffman's years of experience in wage and hour law." *Dominguez*, 2019 WL 423403 at *6 n.4.

[3] Mr. Liew has 4 years of experience and the requested rate of $215.00/hour falls within the range listed by L.R. Appendix B(3)(a), which provides that an attorney with less than 5 years of experience bills between $150.00 to $225.00.

[4] Mr. Kraff has 3 years of experience and the requested rate of $205.00/hour falls within the range listed by L.R. Appendix B(3)(a), which provides that an attorney with less than 5 years of experience bills between $150.00 to $225.00.

WHEREFORE, the parties request that this Court approve the proposed Settlement Agreement as a fair and reasonable resolution of the parties' FLSA dispute and approve and issue the proposed Order implementing the terms of the Settlement Agreement.

Respectfully submitted,

| | |
|---|---|
| ____/s/_____ | ___/s/ (with permission)_____ |
| Howard B. Hoffman, Esq. #25965 | Tamara B. Goorevitz, Esq. 25700 |
| Jordan S. Liew, Esq. #20509 | FRANKLIN & PROKOPIK, P.C. |
| Scott E. Kraff, Esq. #20899 | Two North Charles Street, Suite 600 |
| Hoffman Employment Law, LLC | Baltimore, Maryland 21201 |
| 600 Jefferson Plaza, Suite 204 | (410) 230-3625 (phone) |
| Rockville, Maryland 20852 | (410) 752-6868 (fax) |
| (301) 251-3752 (phone) | tgoorevitz@fandpnet.com |
| (301) 251-3753 (fax) | |
| hhoffman@hoholaw.com | |
| jliew@hoholaw.com | *Counsel for Defendants* |
| skraff@hoholaw.com | |
| | |
| *Counsel for Plaintiff* | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2020, a copy of the foregoing Joint Motion to Approve FLSA Settlement Agreement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

_____/s/_____
Howard B. Hoffman